**FIRST NATIONAL LEASING CORP., Plaintiff,**

v.

**John METZ, Jean Metz, Gene Cain, and Richard M. Hassur, Defendants.**

**No. 79–C–959.**

United States District Court, E. D. Wisconsin.

Feb. 6, 1980.

Polacheck & Harris by Allan Polacheck, Milwaukee, Wis., for plaintiff.

Foley & Lardner by Robert A. Christensen and Robert L. Binder, Milwaukee, Wis., for defendants.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the defendants' motion to dismiss this action for lack of personal jurisdiction over them. The motion will be granted.

This case was originally filed in Wisconsin state court and removed by the defendants to this court. The plaintiff is a Wisconsin corporation engaged in the general leasing business. The four defendants are residents of states other than Wisconsin. John and Jean Metz were at the time of the filing of this suit and are currently residents of Indiana, although at the time the events alleged in the complaint took place, they were residents of North Carolina. The defendants Gene Cain and Richard Hassur are residents of Kansas.

The complaint alleges that on or about July 11, 1978, the plaintiff leased certain office furniture and equipment to N. R. Pubs of North Carolina, Inc., with said furniture and equipment to be installed at an address in Chapel Hill, North Carolina. The plaintiff also alleges that as an inducement for the plaintiff to enter into the lease agreements, each of, the four defendants signed guarantees to perform the financial obligations of N. R. Pubs under the lease. The plaintiff further claims that N. R. Pubs defaulted by failing to make certain rental payments and that as a result of their guarantees, the defendants are jointly and severally liable to the plaintiff for $100,352.70 plus interest and attorney's fees.

The defendants contend that this court lacks personal jurisdiction over them. In *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), the Supreme Court held that due process requires that the defendant have such "minimum contacts" with the forum state as will make the assertion of jurisdiction over him consistent with "traditional notions of fair play and substantial justice." Whether due process requirements are satisfied in the instant case is controlled by the recent decision of the court of appeals for this circuit in *Lakeside Bridge & Steel v. Mountain State Construction*, 597 F.2d 596 (7th Cir. 1979).

In *Lakeside*, the plaintiff was a Wisconsin corporation with its principal place of business in Wisconsin, while the defendant was a West Virginia corporation with its principal place of business in that state.

The plaintiff alleged a contract which called for the plaintiff to manufacture certain items for the defendant's use in Virginia. The defendant accepted the contract by mailing a purchase order to the plaintiff's business in Wisconsin. The purchase order provided that the goods were to be supplied by the plaintiff "F.O.B. SELLERS PLANT MILWAUKEE, WISCONSIN." *Id.* at 598. The plaintiff manufactured all of the contractual items in Wisconsin.

The court of appeals found that the activity in Wisconsin described above was insufficient constitutionally to provide personal jurisdiction over the defendant:

"Viewed realistically, the contacts with Wisconsin in this case consist solely of '[t]he unilateral activity of [one] who claim[s] some relationship with a nonresident defendant,' and this 'cannot satisfy the requirement of contact with the forum State.' *Hanson v. Denckla, supra,* 357 U.S. [235] at 253, 78 S.Ct. [1228] at 1240 [, 2 L.Ed.2d 1283]. Although Mountain State in a sense caused the activity in Wisconsin by placing the order, the contract between the parties left Lakeside in absolute control over where it would conduct that activity, and it made this decision and conducted the activity unilaterally. Mountain State's belief, which we may assume existed, that Lakeside would choose to perform its contractual obligation in Wisconsin does not constitute an invocation of the benefits and protections of Wisconsin's laws; Mountain State did not 'purposefully avail itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' *Id.; cf. Shaffer v. Heitner, supra,* 433 U.S. [186] at 216, 97 S.Ct. [2569] at 2586 [, 53 L.Ed.2d 683]. Therefore the courts of Wisconsin no more had jurisdiction over Mountain State than would the courts of England or Taiwan if Lakeside had chosen to have the goods manufactured in either of those places." *Id.* at 603.

In my judgment, the defendants' contact with Wisconsin in this case is less signifi-

cant than the defendant's contact with Wisconsin in *Lakeside*. Here, as in *Lakeside*, agreements were made with a Wisconsin corporation. Beyond that fact there is no significant activity in Wisconsin. The leased furniture and office equipment was delivered in North Carolina. There is nothing in the record to indicate that these furnishings were ever even in Wisconsin. Since the four non-resident defendants did no more than sign guarantees in favor of a Wisconsin corporation, I find that such conduct is insufficient to provide personal jurisdiction over the defendants. It is clear that the defendants did no acts to invoke the benefits or protections of the state of Wisconsin.

Therefore, IT IS ORDERED that the defendants' motion to dismiss this action for want of personal jurisdiction be and hereby is granted.

IT IS ALSO ORDERED that this action be and hereby is dismissed.